901 F.2d 51
 Blue Sky L. Rep. P 73,258, Fed. Sec. L. Rep. P 95,448
In re SIOUX, LTD., SECURITIES LITIGATION, Plaintiff-Appellee,
v.
COOPERS & LYBRAND, Defendant-Appellant.
FIRST SMALL BUSINESS INVESTMENT COMPANY OF CALIFORNIA, et
al., Plaintiffs-Appellees,
v.
BUTLER, BINION, RICE & KNAPP, et al., Defendants, Coopers &
Lybrand, Defendant-Appellant.
REPUBLIC VENTURE GROUP, INC., Plaintiff-Appellee,
v.
BUTLER, BINION, RICE & KNAPP, et al., Defendants, Coopers &
Lybrand, Defendant-Appellant.
 Nos. 87-6167, 88-6195.
 United States Court of Appeals,
Fifth Circuit.
 May 9, 1990.
 
 Allister M. Waldrop, Baker & Botts, Houston, Tex., Philip A. Lacovara, Hughes, Hubbard & Reed, Jay Kelly Wright, Arnold & Porter, Washington, D.C., for defendant-appellant in No. 87-6167.
 Andrew C. Hall, Miami, Fla., for plaintiff-appellee in No. 87-6167.
 Jay Kelly Wright, Arnold & Porter, Washington, D.C., Allister M. Waldrop, Baker & Botts, Houston, Tex., Joseph A. Clark, III, Associate General Cnsl., Coopers & Lybrand, New York City, for defendant-appellant.
 Andrew C. Hall, Richard F. O'Brien, III, Miami, Fla., for plaintiff-appellee.
 Appeal from the United States District Court for the Southern District of Texas.
 Before GEE, GARZA and DAVIS, Circuit Judges.
 GEE, Circuit Judge:
 
 
 1
 Coopers & Lybrand is one of several defendants sued by four venture capital organizations on theories of federal and state securities law violations, common law fraud, and negligent misrepresentation. All defendants except Coopers & Lybrand settled their claims. Coopers & Lybrand went to trial and now appeals to us on several grounds. One of these disposes of the litigation: The plaintiffs' suit was, as a matter of law, time-barred by the applicable statute of limitations.
 
 Facts
 
 2
 On March 27, 1981, the plaintiffs closed a transaction in which they invested over $5 million in the Rapada Corporation. At that time, two of Rapada's shareholders and two of its operating subsidiaries were being sued by Ratner and other parties who alleged that they were owed money under a net profits interest. Before making their investment, the plaintiffs investigated the Ratner litigation and sought advice as to how that litigation might affect the Rapada Corporation. The plaintiffs retained the Dallas law firm of Rain Harrell Emery Young & Doke to assist with the purchase and to perform "legal due diligence." Further, the Ratner litigation was disclosed in Rapada's financial statements, which recited that both Rapada's management and its outside counsel, Butler & Binion, were of the opinion that Rapada would prevail in the lawsuit.
 
 
 3
 Coopers & Lybrand was the auditor of those financial statements. It relied on the disclosure made in Rapada's financial statements and on letters from Butler & Binion confirming its opinion. Coopers & Lybrand made the following disclosure in Rapada's audited October 31, 1980 financial statement:
 
 
 4
 The Company and two of its shareholders are named as defendants in a civil action suit. The essence of the suit is a claim for damages relating to amounts alleged to be due by virtue of a retained net profits interest in certain properties. The lawsuit makes the claim pursuant to allegations that the defendants violated federal and state securities laws.
 
 
 5
 . . . . .
 
 
 6
 [M]anagement and legal counsel are of the opinion that it is more likely than not that the Plaintiffs will not recover under any of their claims for damages and that the Plaintiffs will not recover under their claims for rescission and ownership.
 
 
 7
 Six months later, however, a $13 million jury verdict returned against Rapada and in favor of Ratner dashed these expectations.[1]
 
 
 8
 Suit by three of these four plaintiffs was filed on July 31, 1984, alleging violations of Rule 10(b)(5) as well as common law fraud and negligent misrepresentations. The fourth plaintiff filed suit on June 13, 1984, alleging a violation of the Texas Securities Act. The claims of the initial three plaintiffs are governed by a two year statute of limitations, while a three year limitations period applies to the latter claim.
 
 
 9
 The plaintiffs contended, among other claims, that the Coopers & Lybrand audit report inadequately disclosed the nature of the Ratner lawsuit and of Rapada's potential liability and failed to disclose Rapada's obligations to Ratner under the net profits interest. The plaintiffs' claims against Coopers & Lybrand were tried to a jury, which returned a verdict of over $7,000,000 (including pre-judgment interest). Coopers & Lybrand appeals and we reverse.
 
 Discussion
 Statute of Limitations
 
 10
 If the statute of limitations began to run before June 13, 1982, (three years before the Texas Securities Act claim was filed) then all of the claims asserted by the four plaintiffs are time-barred.[2] When limitations began to run depends upon the date on which the plaintiffs had "either inquiry or actual notice of the alleged fraudulent acts." Jensen v. Snellings, 841 F.2d 600, 607 (5th Cir.1988). We are here concerned with whether the plaintiffs had inquiry notice prior to June 13, 1982; that is, whether the plaintiffs knew or "should have known of facts sufficient to excite such inquiry as would have been made in the exercise of reasonable diligence." Rutherford v. Exxon Co., U.S.A., 855 F.2d 1141, 1145 (5th Cir.1988). We hold that, as a matter of law, the plaintiffs were on inquiry notice of the facts giving rise to their causes of action before June 13, 1982, and that there was insufficient evidence to support a jury finding to the contrary.
 
 
 11
 On April 19, 1982, a $13 million jury verdict had been returned against Rapada. Even standing alone, this was sufficient to put the plaintiffs on notice. As we have stated before a plaintiff is placed on "inquiry notice" when there are "storm warnings" that would alert "a reasonable investor to the possibility of fraudulent statements or omissions in his securities transaction." Jensen, 841 F.2d at 607 (citing Cook v. Avien, Inc., 573 F.2d 685, 697-98 (1st Cir.1978)). Here was more than mere warnings. On April 19, 1982, the storm had struck, and the plaintiffs were in the midst of it. Less than one month after the verdict, at a May 12 board meeting, representatives from each of the plaintiff companies assembled to be briefed by Butler & Binion on the recent verdict in the Ratner case and on the history of that litigation.
 
 
 12
 Even if the plaintiffs felt they were misled by Coopers & Lybrand's allegedly inadequate disclosure of the nature of the Ratner lawsuit and of Rapada's potential liability, once the verdict came in they cannot complain that they were without notice of Coopers & Lybrand's alleged wrongdoing. At the very latest, by May 12, 1982, (if not on April 19, 1982) the plaintiffs knew that Rapada's liability in the Ratner lawsuit was far in excess of that reported by Coopers & Lybrand and that Rapada chances of success were, at that point, nil (until appeal), and not "more likely than not" as Coopers & Lybrand had reported. It was then that the plaintiffs were necessarily placed upon notice that they should investigate the adequacy of Coopers & Lybrand's audit.
 
 
 13
 The plaintiffs maintain that Coopers & Lybrand's acts of concealment, even after the verdict, prevented them from being on notice in May of 1982. They contend that Coopers & Lybrand's partner in charge of the audit assured them that the events of 1982 did not affect the validity of the October 31, 1980, audit. This argument only supports our holding. First, the verdict in the Ratner litigation was public knowledge and could not have been concealed by anyone. Second, the plaintiffs clearly knew about it and that knowledge clearly did incite--indeed, demand--inquiry. The plaintiffs did contact Butler and Binion and did receive reports from Coopers & Lybrand. Why they failed to file suit until more than three years later is not clear; it cannot have been because they were not on notice.
 
 
 14
 The statute of limitations began to run on April 19, 1982, at the time of the Ratner verdict, or shortly thereafter. The plaintiffs failed to file their lawsuit within the statutory period and their claims are, therefore, time-barred. The judgment of the district court is
 
 
 15
 REVERSED.
 
 
 
 [1]
 Judgment entered on that verdict was later reversed by us in Ratner v. Sioux Natural Gas Corp., 770 F.2d 512 (5th Cir.1985), on grounds tending to support the opinions carried in the audit
 
 
 [2]
 Because the claims filed by the initial three plaintiffs are governed by a two year limitations period, those claims are barred if the statute began to run before July 31, 1982 (two years prior to the filing of the Rule 10(b)(5) common law fraud, and negligent representation claims)